STARR, respondent, *v.* GREGORY CONSOLIDATED MINING CO., appellants.

CONTRACT— *Dependent stipulations.*— Where a contract for the erection of a mill stipulates that " the whole mill, with all machinery, shall be completed and delivered in perfect running order within four months from date, provided the timber required to be used in constructing the building, and placing the machinery therein, is delivered on the ground . . . within forty days after the receipt of the bill for said lumber by the party of the second part," if the party of the second part fails to deliver the lumber as stipulated, the condition as to the four months time becomes inoperative, and the party of the first part remains bound only to use reasonable diligence.

PRINCIPAL AND AGENT — *Proof of agent's authority.*— On an issue as to the authority of the superintendent of a mining company to accept a mill erected for the company, it was proved that he was superintendent of the company's works; that he prepared the plans and specifications for the mill; that numerous changes were ordered by and made to suit him during construction, and the extra charges therefor paid by the company; that the president and assistant manager of the company had said to the agent of the party building the mill that whenever the mill was acceptable to their superintendent it would be acceptable to the company; and that such superintendent, after writing the certificate of acceptance, had shown a letter-press copy to the assistant general manager of the company, who had raised no objection to it. *Held*, the superintendent's authority to accept was fully proved.

TRIAL— *Order of proof.*— Where, in an action to recover for contract work, the issue is both as to the authority of an agent to accept contract work, and also as to the fact of acceptance by him, no objection can be raised on the ground that the acceptance was allowed to be proved before the proof of the authority to accept.

APPEAL— *Defective transcript.*— Where a bill of exceptions, taken to the admission of improper evidence taken by depositions, is based upon the notice given to take the deposition, and such notice nowhere appears in the transcript, the appellate court cannot consider the specification.

*Appeal from Third District, Lewis and Clarke County.*

ACTION to recover on a contract, and to foreclose a builder's lien.   Judgment for plaintiff.   Defendant appeals.

TOOLE & WALLACE, for appellants.

SANDERS, CULLEN & SANDERS, for respondent.

McLeary, J. This suit was brought by the respondent against the appellants to recover the balance of twenty thousand dollars ($20,000) alleged to be due on a contract for the erection of smelting works at the mines of the defendant company, and to foreclose a builder's and mechanic's lien thereon fixed to secure the same. The case was tried below before a jury, and, after a verdict and judgment in favor of the plaintiffs for fifteen thousand dollars ($15,000) and interest, an appeal was duly taken therefrom to this court, alleging errors in the introduction and exclusion of evidence, in overruling the motion for a nonsuit, and in giving and refusing instructions to the jury. We will consider these specifications of error in a little different order from that pursued in the briefs of counsel, or in the record of the case presented.

1. As to overruling the motion for a nonsuit. This motion is based on the ground (1) that the sums of money sued for were, according to the contract, to be paid in sixty and ninety days after the acceptance of the mill by the defendant, and that no acceptance had been proven; and (2) that the contract provided that the mill was to have been completed within four months from the date of the contract, and that time was of the essence of the contract, and that no legal excuse for the failure to complete the mill within the time specified was shown.

The evidence in regard to the acceptance of the mill is clear and explicit enough, if Hesse had any authority to make the acceptance. His letter of the 18th of April, 1884, is unequivocal, and to the point. Nothing could be more definite. His testimony is also to the same effect as is the deposition of Malter. Then this objection turns on the authority of Hesse to make the acceptance. His authority also appears from the evidence. It is shown that he was superintendent of the company's works; that he prepared the plans and specifications for the concentrating mills; that numerous changes in the machinery were ordered by him, and were made to meet his views, and that the extra charges

therefor were paid for by the company; that the president and the assistant general manager of the company had said to the agent of the Ætna Iron Works, the plaintiff's firm, that whenever the mill was acceptable to Hesse, it would be acceptable to the company; and that Hesse, after writing the certificate of acceptance, had shown a letter-press copy of it to Child, the assistant general manager of the company, and he had raised no objection to it whatever. All these facts, taken together, clearly show the authority of Hesse to accept the concentrating mill on behalf of the defendant company. Corporations, in the nature of their constitution, must act through their officers and agents. There is no other mode possible in which they can act. The act of any officer is the act of the company, and even the acts of very many mere agents are considered the acts of the company. The authorities are numerous and uniform on this point. *Merchants' Bank* v. *State Bank*, 10 Wall. 644 *et seq.;* Wood's Field on Corp. §§ 181–183, 220; Tayl. Corp. §§ 193, 204.

The other ground relied upon for a nonsuit has no better foundation in fact. The language of the contract on this point reads: "The whole mill, with all machinery, shall be completed and delivered in perfect running order within four (4) months from date; provided, the lumber required to be used in constructing the building and placing the machinery therein is delivered on the ground at Gregory, aforesaid, at the price of twenty-five dollars ($25) per thousand feet within forty (40) days after the receipt of the bill for said lumber by H. W. Child, representing said party of the second part." This, the only limitation of time made in the contract, was conditional on the delivery of the requisite lumber within forty days after the reception of the bill. The evidence clearly shows that this condition was not complied with by the defendant company, and thereby the restriction as to time became inoperative, and to complete the works within a reasonable time was all that was

required of the plaintiff. This he did, as far as the evidence shows, and no damage accrued to the defendant from any delay. Time was in no sense of the essence of this contract, and the defendant company, being itself in default, has no right to complain of any delay on the part of the plaintiff in this cause. The motion for nonsuit was very properly overruled.

2. But the admission of improper evidence is complained of by the appellant. So far as relates to the overruling of the motion to suppress the deposition of C. Hesse, the bill of exceptions is based on the notice given to take the deposition, and the notice nowhere appears in the transcript, so that this specification requires no further consideration. When a bill of exceptions is taken to any ruling of the court, everything necessary to sustain the bill of exceptions must be contained in the transcript; otherwise the bill of exceptions is incomplete.

The objections made to the testimony of the witness Malter are insufficient, many of them frivolous, and none of them well taken. As to the agency or authority of C. Hesse to accept the concentrator, it has been repeatedly held by this court that it is within the discretion of the trial court to direct the order of proof. It was not necessary that the authority of Hesse should be shown *before* the letter or certificate of acceptance signed by him was introduced in evidence. If this was done afterwards, the appellant has no reason to complain. That it was so done amply appears from the testimony. The objections made to the testimony of the witness Hesse are in fact not borne out by the record, and are not in any case well founded.

3. The question asked by the appellant of the witness Child was properly excluded by the court for the reasons stated in the record. It was not a matter material to this case as to what time the machinery arrived at Helena or Gregory. No stipulation in regard thereto is contained in the contract, and no time for the completion of the mill

itself was agreed upon, except in the event that the lumber should be delivered at a certain time by the defendant, which was not done, as has been already stated herein.

Appellant further insists that the court erred in refusing to permit it to prove the daily expense incurred by it while said mill stopped running. This position seems to be based on the claim that the works were not completed within four months from the date of the contract, which we have already shown the plaintiff was not bound to do, because the lumber was not delivered within the forty days specified. There was no evidence introduced to show that the concentrator was not completed within a reasonable time, and the plaintiff not having been shown to have been in default, there was no predicate laid for proof of any damages on the part of the defendant company. This was presumably the reason for the exclusion of the evidence by the trial court, though the record is silent as to that. Nor does the exception state the reasons alleged by the appellant for its exception, and the same might well be disregarded by this court on that account. But we have seen fit to notice it to this extent.

The court at the trial correctly excluded the letter written by Child to the plaintiff, and the letters written by Hesse to Child. It is an elementary principle that neither party can thus make evidence for himself. Though the plaintiff might, if he had seen fit, have introduced these letters, they are not admissible on the part of the defendant. It nowhere appears in the transcript that the letters of Hesse were offered for the purpose of contradicting him as a witness, and the point cannot, for that reason, be raised in the brief alone. Neither is there any evidence whatever that Hesse was the agent of both parties in any particular, nor in any sense the agent of the plaintiff. The bills of exceptions do not present these alleged errors in a manner sufficiently explicit to demand the attention of the appellate court, but we have given the appellant the benefit of the same notwithstanding these defects.

4. The appellant complains that the court erred in giving to the jury the instruction marked " 5," which reads as follows: "(5) A certificate or letter of acceptance, signed by one C. Hesse, has been introduced in evidence. If you believe from the testimony in this case that at the time of the making of this certificate the said C. Hesse was an agent of the said defendant, and authorized to make the same, and that in the making and delivery thereof the said Hesse was acting within the scope of his authority as such agent, then the making and delivery of said certificate was an admission on the part of the said defendant that the said concentrating mill was completed in accordance with the contract, and that the contractors, the Ætna Iron Works, were entitled to payment therefor in accordance with the terms of the contract under which it was erected;" to which defendant objected, " because said instruction wrongfully stated the law, in that an acceptance by this defendant under said contract would not of itself preclude a claim for damages on account of the non-performance or non-fulfillment of the terms of said contract, and also because there was no evidence tending to show any authority on the part of Hesse to accept for the defendant or to bind it by any acceptance."

This instruction correctly states the law. It does not instruct the jury that the acceptance precluded a claim for damages on the part of the defendant. No such claim was proven, nor was there any predicate laid for any such proof, as we have heretofore seen. We have also seen that the proof of Hesse's authority to accept the works was amply sufficient, and that question is fairly submitted to the jury in the very instruction excepted to, and we can see no reason for the appellant to complain. There was no error in giving this instruction to the jury.

5. The appellant also alleges as error the refusal of the trial court to give to the jury the following instruction, to wit: " The jury are instructed in the above-entitled action that time in the contract sued on is the essence thereof, and that if you find that the failure to fulfill the contract in

time was without fault of the Gregory Consolidated Mining Company, then plaintiff cannot recover, and you must find for the defendant."

The bill of exception assigns no reason therefor, and thus, as is the case with several others above mentioned, is not entitled to consideration here. But we will say that this instruction would have been misleading had it been given to the jury, and it would have had no evidence to support it. Time was not of the essence of the contract sued upon. There was no proof to show that the concentrating mill was not completed within the time required by the contract,— that is to say, within a reasonable time; and even had there been, it would not have warranted the jury in finding against the plaintiff altogether, but only in deducting from his claim such damages as the defendant might have suffered thereby, and none were shown by the proof. So, had this alleged error been properly specified by the appellant, or properly set forth in the bill of exceptions, it could not have availed the appellant.

We have searched this record in vain for any error of the court sufficient to cause a reversal of this cause. We can see no reason why the payment of plaintiff's demand should have been refused. According to the evidence adduced herein, and the law as we understand it, the judgment is correct, and it is accordingly affirmed, with costs.

*Judgment affirmed.*

GALBRAITH, J., and BACH, J., concur.